THE HONORABLE RICHARD A. JONES

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## SEATTLE DIVISION

| | |
|---|---|
| ROBERT MEEKER AND AMY MEEKER, individually, the marital community comprised thereof, and on behalf of C.M, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>STARFISH CHILDREN'S SERVICES, PATRICK MCLAUGHLIN and CYNTHIA MCLAUGHLIN and the marital community comprised thereof, MICHAEL BOSMANN and LISA ANN BOSMANN and the marital community comprised thereof, and JANE DOES 1-2,<br><br>Defendants. | NO. 2:17-cv-000376-RAJ<br><br>**PLAINTIFFS' SURREPLY ADDRESSING DEFENDANT'S UNWARRANTED CONTENTION THAT PLAINTIFFS' RULE 12(B)(6) RESPONSE CONCEDES THAT DISMISSAL IS APPROPRIATE ON ALL CLAIMS SOUNDING IN NEGLIGENCE**<br><br>Noting date: July 28, 2017 |

TO THE HONORABLE COURT:

Pursuant to LCR 7(g), Plaintiffs respectfully move to strike the portions of Defendant's Reply brief that incorrectly state or imply that Plaintiffs have somehow conceded all causes of action against Defendant Bosmann sounding in negligence.

**Plaintiffs' Surreply**
Page 1
**NO. 2:17-cv-000376-RAJ**

PAYNE MITCHELL LAW GROUP
3500 MAPLE AVENUE, SUITE 1250
DALLAS, TX 75219
(214) 252-1888

In his Reply, Defendant repeats *ad nauseam* words to the effect that "Plaintiffs have ratified the Bosmanns' position that they are not subject to [*any*] claims [arising from] ordinary negligence or negligent misrepresentation."[1] This is incorrect, yet again.

Defendant's position arises from a patent misunderstanding of Plaintiffs' argument and/or the effect of RCW 4.24.264 on claims against non-profit board members. Either way, a brief clarification is appropriate.

Plaintiffs have <u>not</u> conceded or ratified that ordinary negligence is insufficient to sustain *some, any, or all* of the claims pleaded against Bosmann in the Complaint. On the contrary, Plaintiffs devoted significant attention to discussing *negligent* wrongful adoptions and related claims,[2] and explaining, *inter alia*, that Defendant's *own* citations to *McKinney v. State*[3] recognize that "[t]he negligent failure" —of an adoption placement agency *or* an <u>individual</u> like Bosmann[4]—"to comply with the statutory disclosure mandate to prospective adoptive parents <u>may result in liability</u>."[5]

Defendant misunderstands RCW 4.24.264.[6] The Reply says that the plain language of RCW 4.24.264 indicates (and that Plaintiffs concede) that "nonprofit board members are liable to third parties for <u>*discretionary decisions only if*</u> the decision or failure to decided 'constitutes *gross* negligence.'"[7] Even if board members cannot be

---

[1] *See, e.g.,* Doc. #27 at 1 and 3. *See id.* at 4 (claiming that Plaintiffs have ceded Defendant's entire 12(b)(6) motion save for gross negligence, IIED, and fraud).

[2] *E.g.,* Doc. #25 at 12 (explaining that Texas likely recognizes a wrongful adoption tort based on both negligence *or* intentional misconduct); *id.* at 13 (discussing *McKinney v. State*, which first recognized wrongful adoption in the negligence context); *id.* at 21-22 (explaining that in itself, breach of the statutory disclosure requirement is evidence of the Defendant's negligence).

[3] *McKinney v. State*, 950 P.2d 461 (Wash. 1998).

[4] *See, e.g.,* RCW 26.33.350(1) (extending the statutory disclosure requirement not just to agencies but to "*every <u>person</u>* firm, society, association, corporation, <u>*or*</u> state agency receiving, securing a home for *or otherwise caring* for a minor child [prior to adoption]").

[5] *McKinney v. State*, 950 P.2d at 462 (emphasis added).

[6] *See* Doc. #27 at 4 (asserting that RCW 4.24.264 immunizes board members entirely from *any and all* claims sounding in "ordinary," rather than "gross," negligence).

[7] Doc. #27 at 5 (emphasis added) (quoting RCW 4.24.264(1)).

**Plaintiffs' Surreply**
**Page 2**
**NO. 2:17-cv-000376-RAJ**

PAYNE MITCHELL LAW GROUP
3500 MAPLE AVENUE, SUITE 1250
DALLAS, TX 75219
(214) 252-1888

liable for *ordinary* *negligence* when they are executing *discretionary* oversight with a non-profit, complying with the adoption disclosure mandates in, *e.g.*, RCW 26.33.350 is *not* discretionary it is *mandatory* and when someone covered by the statute *fails* to abide the disclosure requirements *negligently* (or otherwise) they are liable.

Perhaps Defendant may not be liable for his truly *discretionary* actions as a board member even if they evince ordinary negligence, but that is irrelevant. The Complaint alleges (in the alternative) that Defendant(s) acted negligently in failing to discharge *non-discretionary* duties under the adoption disclosure statute, and Plaintiffs' Response does not diminish this one iota. Negligence combined with, *e.g.*, failure to fulfill RCW 26.33.350's disclosure mandate presents a viable cause of action. Accordingly, Plaintiffs move to strike Defendant's contention that they have conceded all claims sounding in negligence.

Dated: August 3, 2017

Respectfully Submitted,

*/s/ James L. Mitchell*
**James L. Mitchell**
TX Bar No. 14214300
**Payne Mitchell Law Group**
3500 Maple Avenue, Suite 1250
Dallas, TX 75219
Phone: 214-252-1888
Fax: 214-252-1889
Jim@PayneMitchell.com
Attorney for Plaintiffs

**Plaintiffs' Surreply**
**Page 3**
**NO.  2:17-cv-000376-RAJ**

PAYNE MITCHELL LAW GROUP
3500 MAPLE AVENUE, SUITE 1250
DALLAS, TX 75219
(214) 252-1888

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has this date been sent to all attorneys of record in the above-styled and numbered matter, said service being effected by e-service of e-filed documents pursuant to LCR 5.

DATED: August 3, 2017

>                                        */s/ James L. Mitchell*
>                                        James L. Mitchell

**Plaintiffs' Surreply**
**Page 4**
**NO.  2:17-cv-000376-RAJ**

PAYNE MITCHELL LAW GROUP
3500 MAPLE AVENUE, SUITE 1250
DALLAS, TX 75219
(214) 252-1888