THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT MEEKER, *et al.*,

    Plaintiffs,

    v.

STARFISH CHILDREN'S SERVICES, *et al.*,

    Defendants.

CASE NO. C17-0376-JCC

ORDER

This matter comes before the Court on Plaintiffs' motion to strike Defendant Bosmann's third-party complaint against Naomi Kerwin (Dkt. No. 50). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I.    BACKGROUND

The Court has set forth the facts of this case in a previous order, and will not repeat them here. (*See* Dkt. No. 32 at 2–3.) In his answer to Plaintiffs' complaint, Defendant Bosmann timely filed a third-party complaint against Naomi Kerwin. (Dkt. No. 45 at 12–17.) Defendant Bosmann alleges that Plaintiffs' alleged damages were caused in whole or in part by Ms. Kerwin. (*Id.*) Ms. Kerwin lives in China and is a former employee of Starfish Children's Services ("Starfish"). (*Id.* at 12.) Among other duties as a Starfish employee, Ms. Kerwin was required to disclose certain medical information about the children to China's Child Welfare Institutes ("CWIs"). (*Id.* at 12–

13.) Once it receives that information, the CWIs transfer it to the China Center for Children's Welfare and Adoption ("CCWA"). (*Id.* at 13.) The CCWA is the only agency authorized to provide information to adoption agencies in the United States. (*Id.*) In his complaint, Defendant Bosmann asserts claims for wrongful adoption and negligence against Ms. Kerwin, alleging that if he is liable to Plaintiffs for those causes of action, so is Ms. Kerwin. (*Id.* at 16–17.) Plaintiffs move to strike Defendant Bosmann's third-party complaint against Ms. Kerwin. (Dkt. No. 50.)

## II. DISCUSSION

The decision of whether to implead a third party under Federal Rule of Civil Procedure 14 is within the sound discretion of the trial court. *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988). Under Rule 14(a)(1) "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The Ninth Circuit has held that "a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *Stewart*, 845 F.2d at 199. The purpose of Rule 14 is to avoid duplicative litigation and to encourage judicial efficiency by trying claims against third parties who may be derivatively liable to the defendant together with the plaintiff's original claim. *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). In deciding whether to grant impleader, courts may also consider the following factors: "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000).

First, the face of Defendant Bosmann's third-party complaint indicates that he is asserting a theory of liability based on indemnity. (Dkt. No. 45 at 16–17.) In his briefing in response to the instant motion, Defendant Bosmann asserts that the third-party claims are for common law indemnity and breach of fiduciary duty. (Dkt. No. 59 at 6–8.) Taking that assertion as sufficient, the Court will analyze whether the third-party action should proceed using the *Irwin* factors.

The *Irwin* factors regarding prejudice to Plaintiffs and likelihood of trial delay weigh against the addition of third parties. Because Ms. Kerwin resides in China, she has to be served summons in accordance with the Hague Convention—a lengthy process. Additionally, the parties have already begun discovery; waiting for service to be effected and for Ms. Kerwin to participate in discovery will significantly lengthen the time it takes to resolve this lawsuit. Therefore, the first and third *Irwin* factors weigh in favor of striking the third-party complaint.

Additionally, inclusion of Ms. Kerwin as a third party will complicate the issues at trial. For example, with regard to the breach of fiduciary duty claim, Defendant Bosmann asserts that Utah law would apply to that claim, and that the crux of the claim is that Ms. Kerwin owed a duty to Starfish and failed to satisfy that duty when she failed to disclose information to CCWA. At best, the facts surrounding this claim are tangential to the facts in Plaintiffs' complaint and may result in the application of different state law. (*See* Dkt. No. 1.) The addition of Ms. Kerwin will only draw out the proceedings, hampering judicial efficiency.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike Defendant Bosmann's third-party complaint against Naomi Kerwin (Dkt. No. 50) is GRANTED. Defendant Bosmann's third-party claims against Naomi Kerwin are DISMISSED without prejudice.

DATED this 9th day of May 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE